UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MARKS REAL ESTATE CO., LLC          CIVIL ACTION NO. 18-cv-0546

VERSUS                              JUDGE DRELL

RICHARD E. JEWELL, ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

The Marks Real Estate Company, LLC ("Marks") contacted insurance agent Richard Jewell about placing a flood insurance policy on a structure in Rapides Parish. Jewell obtained a policy through Wright National Flood Insurance Company ("Wright National"). The structure suffered flood damage, but Wright National denied the claim on the grounds the structure was built entirely over water and, therefore, ineligible for insurance.

Marks filed suit against Wright National and Mr. Jewell in state court, and Wright National removed the case based on an assertion of federal question jurisdiction. Before the court is Marks' Motion to Remand (Doc. 17) that argues the court lacks federal question jurisdiction. Marks makes the alternative argument that, even if the court has jurisdiction over the claims against Wright National, it should sever and remand the state law claims against Mr. Jewell. For the reasons that follow, it is recommended that the motion to remand be denied.

**Relevant Allegations**

Marks contacted Mr. Jewell in December 2016 about placing a flood insurance policy on property owned by Marks in Boyce, Louisiana. Complaint, ¶ 3. The property is built with three of its four walls suspended above the Kincaid Reservoir, with the fourth wall built and secured on shore. ¶ 4. Jewell indicated to Marks that he would place a flood insurance policy on the property, and he applied for a Standard Flood Insurance Policy ("SFIP") written by Wright National, a "write your own" carrier that participates in the National Flood Insurance Program. ¶ 5.

The application "was completed solely by Jewell," and he indicated on the application that the property was built partially over water. Wright National accepted the application, Marks paid the premium, and a policy was issued for a term of one year. ¶¶ 5-6. A few months later, a strong system of storms, with associated flooding, struck the area. The property sustained significant flood damage. ¶¶ 7-8.

Marks informed Mr. Jewell of the damage, and Jewell initiated the claims process with Wright National. A third-party claims adjuster inspected the property and told Marks that it was his opinion that the property was constructed entirely over water so should have never been covered by the policy. Wright National then hired an engineering firm to create a report, and the firm wrote that all of the building was situated over water with the exception of one wall, which was supported by a bulkhead on the shore. Wright National then sent Marks a denial of claim letter. It stated that the property was not covered by the policy because reports and photos indicated that the structure was built directly over the

water, and the policy does not cover a building or contents is the building is located entirely, in, on, or over water. ¶¶ 7-14; Doc. 1, Ex 4.

Marks alleges that Wright National's denial of its claim "represents a breach of the contract entered into between Marks Real Estate and Wright to provide flood insurance coverage under the policy pursuant to La. Civ. Code art. 1994." ¶ 15. Marks also alleges that it relied on Wright National's contractual agreement to its detriment, and it asserts that Wright National was negligent in providing a putative flood insurance policy on property that Wright now says was not insurable from the inception of the policy. ¶¶ 16-17. Marks alleges that Wright National, by its breach of contract, negligence, and promise to Marks, is liable to Marks for damages including those covered under the policy, less any applicable deductible, plus attorney's fees, penalties, and other damages. ¶ 21.

Marks alleges similar claims against Mr. Jewell. The petition alleges that Jewell was negligent in relation to his procurement of the policy and breached his fiduciary duty to secure the requested coverage. He is also accused of making a negligent misrepresentation that he had procured valid flood insurance, and Marks alleges that it relied to its detriment on Mr. Jewell's promise to procure a valid policy. Marks seeks similar damages and penalties from Mr. Jewell. ¶¶ 18-20, 22.

**The National Flood Insurance Act**

The National Flood Insurance Act (NFIA) was established to make flood insurance available on reasonable terms. FEMA administers the program, but private insurers (known as "write our own" or WYO insurers) issue flood insurance policies in their own names. The WYO insurers perform the administrative functions, including adjusting and

settling of claims, but the government ultimately pays a claim.  Campo v. Allstate Ins. Co., 562 F.3d 751, 754 (5th Cir. 2009).

WYO carriers must issue policies that contain the exact terms and conditions of the Standard Flood Insurance Policy ("SFIP") set forth in FEMA regulations.  The SFIP includes a provision that: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law."  44 C.F.R. Part 61, App. A(1), art. IX (What Law Governs).  The federal court for the district where the property is located is granted jurisdiction to hear a suit by the claimant if he is dissatisfied with the adjustment of his claim.  42 U.S.C. § 4053.[1]

The Fifth Circuit has held that federal law preempts state law tort claims arising from claims handling by a WYO insurer.  Campo, 562 F.3d at 754, citing Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).  But "federal law does not preempt state-law procurement-based claims."  Id. at 757.  "The key factor to determine if an interaction with an insurer is 'claims handling' is the status of the insured at the time of the interaction between the parties."  Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 401 (5th Cir. 2012).  "If the individual is already covered and in the midst of a non-lapsed insurance

---

[1] The claimant "may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy." 42 U.S.C. § 4053.

policy, the interactions between the insurer and insured, including renewals of insurance, are 'claims handling' subject to preemption." Id.

**Federal Question Jurisdiction**

After removing the state-court petition, Wright National filed a motion to dismiss on the grounds that the state law claims against it are claims-handling claims that are preempted. Marks opposed the motion with arguments that its claims are procurement-based so not preempted. The motion to dismiss is still pending, as this jurisdictional matter must be resolved before the court turns to the merits.

Marks soon filed the motion to remand that is now before the court. The motion to remand largely repeats Marks' arguments that its claims are not preempted, which Marks apparently equates with a lack of federal question jurisdiction to support the removal. Preemption is a defense in this case, but the merits of that defense do not determine whether the court has subject matter jurisdiction.

The parties debate in their briefs whether Marks' claims are preempted, but preemption does not automatically provide a basis for removal. When speaking of preemption, the parties and court must take care to distinguish ordinary or defensive preemption from complete preemption. The generic term preemption usually refers to ordinary preemption, which is a federal defense to a plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000), citing Heimann v. National Elevator Indus. Pension Fund, 187 F.3d 493, 500 (5th Cir. 1999).

Page 5 of 12

Under the well-pleaded complaint rule, a federal court has original or removal jurisdiction only if a federal claim is presented on the face of the well-pleaded complaint. Bernhard v. Whitney National Bank, 523 F.3d 546, 551 (5th Cir. 2008). Being a defense, ordinary preemption does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. In contrast, complete preemption is jurisdictional rather than an affirmative defense to a state-law claim. As such, it authorizes removal to federal court even if the complaint pleads only state law claims for relief. Id.

Complete preemption is rare. It entirely substitutes a federal law cause of action for a state one. The Supreme Court has recognized it in only three areas: The Labor Management Relations Act, ERISA, and the National Bank Act. Beneficial National Bank v. Anderson, 123 S.Ct. 2058 (2003); Hastings v. Bank of America Corp., 2013 WL 5530979 (S. D. Tex. 2013). The Fifth Circuit has found that the Carmack Amendment and Interstate Commerce Commission Termination Act completely preempt certain claims related to interstate shipping. PCI Transp., Inc. v. Fort Worth & W.R.R. Co., 418 F.3d 535 (5th Cir. 2005); Hoskins v. Bekins Van Lines, 343 F.3d 769 (5th Cir. 2003). The Sixth Circuit has stated that the NFIA completely preempts state law. Mikulski v. Centerior Energy Corp., 501 F.3d 555, 564 (6th Cir. 2007), citing Gibson v. Am. Bankers Ins. Co., 289 F.3d 943, 947 (6th Cir. 2002). But it does not appear that the Fifth Circuit has squarely held that a NFIA effects complete preemption, and the point is certainly debatable. See Jones v. Mortgage Clearing Corp., 2012 WL3644806 (E.D. La. 2012).

The motion to remand, and the question of subject-matter jurisdiction, can be resolved without addressing the merits of the preemption defense. The answer can be

found in a similar dispute that was presented in <u>Spong v. Fidelity National</u>, 787 F.3d 296 (5th Cir. 2015).  The <u>Spong</u> case arose because, under federal law, property located in a particular coastal barrier resources system (CBRS) is not eligible for flood insurance.  The Spongs applied for insurance on their home, and government agencies went back and forth on whether the home was within the CBRS.  FEMA eventually determined that the policy was valid and renewed it, after which a hurricane struck.  The Spongs filed a claim, but the insurer argued that the policy was void from inception because the property was within the CBRS.  The Spongs filed suit in state court and asserted state law claims.  The WYO insurer, Fidelity, removed the case and filed a motion for summary judgment that asserted federal preemption and other defenses.  The district court denied summary judgment and certified its order for interlocutory appeal.

The Spongs had filed a motion to remand in the district court, but it was denied on the grounds that federal funds were at risk because FEMA would likely pay any judgment the Spongs obtained against Fidelity.  The Spongs renewed their jurisdictional challenge on the interlocutory appeal.  The Fifth Circuit noted that the Spongs asserted in their complaint that Fidelity should be equitably estopped from denying coverage under the policy.  Based on that claim, the Court determined: "This is a claim for benefits under a federal flood insurance policy over which the district court had federal-question jurisdiction."  <u>Spong</u>, 787 F.3d at 303.  The Court added that "an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law."  <u>Id</u>. at n. 20.  And the fact that state law may control some aspects of the relation between the policyholder and insurer, under the rules discussed in <u>Campo</u>, "does

not eliminate federal jurisdiction, which promotes uniformity and the interpretation of policies backed by the federal fisc." Id.

This court has subject-matter jurisdiction in this case for the same reasons. Marks specifically alleges that Wright's denial of its claim "represents a breach of the contract entered into between Marks Real Estate and Wright to provide flood insurance coverage under the policy" in violation of state law. Petition, ¶ 15. Marks also alleges that Wright, "by its breach of contract" and other wrongs is liable to Marks for damages that include "loss and damages covered under the policy above any applicable deductible," plus attorney's fees and penalties. ¶ 21.

The claims presented in this case are comparable to those asserted by the Spongs, at least with respect to jurisdiction. The WYO insurer asserted in both cases that the property insured was not eligible for coverage under the federal program, but the insureds asserted that they were entitled to the benefits of the policy based on estoppel, detrimental reliance, and similar theories. As in Spong, this is a claim for benefits under a federal flood policy, over which this court has federal question jurisdiction. Whether some or all of the state law claims are preempted by federal law is a separate issue to be decided when the motion to dismiss is taken up, but those issues do not deprive the court of subject-matter jurisdiction.

Support is also found in Borden v. Allstate Ins. Co., 589 F.3d 168 (5th Cir. 2009), which arose when the WYO insurer denied a claim on the grounds that the homeowner did not pay his renewal premium when it was due. The homeowner filed suit in state court against the insurer and alleged that he never received the renewal notice. Allstate removed

the case based on diversity. The homeowner later amended to add the insurance agent as a defendant. The insurer prevailed on summary judgment.

On appeal, the homeowner pointed out that he and the agent were both Louisiana citizens, which destroyed diversity. The Fifth Circuit held that it nonetheless had subject matter jurisdiction because "an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law." Id. at 172. The merits dispute required application of federal rules about the renewal process. Accordingly, the homeowner's "right to relief thus turns upon the application of federal law to this SFIP dispute, and the district court had jurisdiction under § 1331." Id. The merits dispute in this case will require application of the SFIP terms, prescribed by federal regulation, to decide whether the insured structure was built over water and ineligible for coverage.[2] This court, therefore, has subject matter jurisdiction for the same reasons assigned in Borden.

**The Claims against Mr. Jewell**

There is no apparent basis for original jurisdiction over the claims against Mr. Jewell; there is no federal claim asserted against him, and he and Marks share Louisiana citizenship. But the court does have grounds to exercise supplemental jurisdiction over the claims against Mr. Jewell pursuant to 28 U.S.C. § 1367(a). The statue provides that the

---

[2] Wright National's denial letter cited two provisions of the SFIP that are found under Part IV: Property Not Covered. They are "2. A building, and personal property in it, located entirely in, on, or over water or seaward of mean high tide if it was constructed or substantially improved after September 30, 1982; (and) 3. Open structures, including a building used as a boathouse or any structure or building into which boats are floated, and personal property located in, on, or over water."

court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Supplemental jurisdiction includes claims that involve the joinder of additional parties.

The Fifth Circuit has applied the doctrine of pendent jurisdiction, which § 1367 largely codified, in a similar case against a flood insurer and a local agent. It held in <u>Smith v. National Flood Ins. Program</u>, 796 F.2d 90 (5th Cir. 1986) that the court had pendent jurisdiction over a state-law claim against the agent who was allegedly negligent in transmitting the application papers. The claims against the agent "arose out of the same nucleus of operative facts as the claim against the Program" and it was "logical to try these claims together, especially since [the agent] claimed he could be held liable only if the Program was not." <u>Id</u>. at 92. That rationale applies in this case.

Marks argues that, even if the court has federal question jurisdiction over the claims against Wright National, the court should sever the state law claims against Mr. Jewell and remand them to state court. The court has discretion under Section 1367(c) to decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the federal law claims, (3) the court has dismissed all of the federal law claims, or (4) in exceptional circumstances there are compelling reasons for declining jurisdiction.

None of the factors that would warrant declining to exercise supplemental jurisdiction are present at this time. This is a fairly ordinary exercise of supplemental jurisdiction over claims that are closely related to the federal law claims. Reaching a

decision or verdict on the claims against Wright National and Mr. Jewell will require addressing much of the same facts and legal issues. It would be inefficient and could lead to inconsistent decisions if this court were to proceed only with the claims against Wright National and remand the claims against Mr. Jewell to state court for a parallel proceeding.

This court should, for now, continue to exercise supplemental jurisdiction over the claims against Mr. Jewell. If the federal law claims against Wright National are resolved early in the litigation, then remand of the claims against Mr. Jewell pursuant to § 1367(c)(3) may then be appropriate. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995); Phelan v. Norville, 460 Fed. Appx. 376, 382 (5th Cir. 2012).

Accordingly,

**IT IS RECOMMENDED** that Marks Real Estate Company's **Motion to Remand (Doc. 17)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge