UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARKS REAL ESTATE CO. | CIVIL ACTION NO. 18-cv-0546 |
| VERSUS | JUDGE DRELL |
| RICHARD E. JEWELL, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The Marks Real Estate Company, LLC ("Marks") contacted insurance agent Richard Jewell ("Mr. Jewell") about placing a flood insurance policy on a structure in Rapides Parish. Jewell obtained a policy through Wright National Flood Insurance Company ("Wright"). The structure suffered flood damage, but Wright denied the claim on the grounds the structure was built entirely over water and, therefore, ineligible for insurance.

Marks served requests for admissions and other written discovery on local counsel for Wright on or about January 14, 2019. Due to an administrative error, the discovery was not brought to Wright's counsel's attention. On February 20, 2019, Marks' counsel emailed Wright's counsel and asked about the status of the outstanding discovery. Wright's counsel responded by asking how the discovery was sent because she did not see where she had received it. About 20 minutes later, and before Marks' counsel could respond, Wright's counsel advised that she found the discovery requests at her legal assistant's desk. At that time, Wright's counsel requested a 30-day extension of time to respond. In response, Marks' counsel pointed out the requests for admissions were deemed

admitted, but Marks' counsel agreed to a 20-day extension of time to answer the requests for production.  Wright's counsel responded to the requests for admissions a few hours later.

Before the court is Wright's **Motion to Withdraw or Amend its Deemed Admissions.  Doc. 41**.  Wright argues that the responses were only a day or so late, the delay was caused by inadvertence and excusable neglect, and there is no actual prejudice to Marks.

Marks argues that the untimely responses submitted by Wright were not valid responses because they were not signed or verified by the client.  Marks points out that it was its counsel's inquiry to Wright's counsel regarding the lack of responses that caused the so-called short delay in Wright's response.  Marks suggests that allowing withdrawal of the admissions would essentially penalize Marks for inquiring about the status of its outstanding discovery requests.  Marks also argues that it would be prejudiced if the admissions are withdrawn, because Marks will not have a sufficient opportunity to obtain the facts sought prior to the March 20, 2019 oral argument on a pending Report and Recommendation.

Federal Rule of Civil Procedure 36(a) provides that requests for admissions are deemed admitted if not answered within 30 days.  Any matter admitted under Rule 36(a) is deemed conclusively established unless the court permits withdrawal of the admission.  Fed. R. Civ. P. 36(b).  The court may permit withdrawal of an admission if the withdrawal (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admission in its presentation of the case.  Kingman Holdings, LLC

v. Bank of America, 2015 WL 11661768 (W.D. Tex. 2015), citing In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). Even when the two-prong test is satisfied, however, the court retains discretion to deny a request to withdraw an admission. Id.

The first prong of the Rule 36(b) framework requires that the withdrawal promote the presentation of the claims on the merits of the case. Mendez v. Joeris General Contractors, Ltd., 2013 WL 3153982 (W.D. Tex. 2013). Withdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case. Id.

The second prong established by the Rule 36(b) framework requires that the party opposing withdrawal not be prejudiced by the withdrawal. Mendez, supra. Prejudice may occur where the party faces special difficulties caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission. American Automobile Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir. 1991). However, the necessity of having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient. North Louisiana Rehab Ctr., Inc. v. United States, 179 F. Supp. 2d 658, 663 (W.D. La. 2001).

After a consideration of the relevant factors, the best exercise of this court's discretion is to grant the motion to withdraw the admissions. The admissions directly bear on the issue of whether federal funds are at risk in this case. Indeed, Marks states that FEMA is presumed to pay the litigation expenses and any resulting damages awards in the absence of any written notification to the insurance carrier that it will not. Because the admissions bear directly on a key issue on the case, withdrawal is appropriate.

Furthermore, Marks has not satisfied the court that it would suffer any real prejudice by the withdrawal. The parties' proposed plan of work suggests August 30, 2019 as the deadline for completion of fact discovery. Doc. 33. No depositions have been taken. The only pending substantive motion is a motion to dismiss, and the withdrawal of the admissions will have no effect on the outcome of that motion, which is limited to the court's review of the pleadings.

The district court's decision to permit the withdrawal of admissions is reviewed by the Fifth Circuit for abuse of discretion. <u>Williams v. Wells Fargo Bank</u>, 560 Fed. Appx. 233, 244 (5th Cir. 2014). This case is still in its infancy. Therefore, it would likely be an abuse of this court's discretion not to allow the withdrawal of the admissions. Accordingly, Wright's **Motion to Withdraw or Amend its Deemed Admissions (Doc. 41)** is granted. Wright is granted leave to respond to the requests for admissions within seven (7) days of the date of this order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of March, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge